IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN ROTHER, JAMES
JACKSON, KRYSTAL COLEMAN,
ALLA DANCU, JOSEPH DRURY,
RICKEY FULLER, LAURIE
GALTELAND, YOUNG EUN KIM,
CATHY WELCH, MARY SAFATY,
GOYH SAEPHANH, MARGRETTA
PFEFFER, TRISTA FLORES,
MICQUAEL WALKER, NAI                                    No. CV 08-161-MO
SAECHAO, JOEY LAW, JONATHAN                             OPINION AND ORDER
THOMAS NICHOLS, and DAVID
PITTS,

        Plaintiffs,

    v.

LESLIE LUPENKO; ANDREI
LUPENKO; and TELELANGUAGE
INC., an Oregon corporation,

        Defendants.


**MOSMAN, J.,**

    Plaintiffs seek to amend their First Amended Complaint to include additional putative

plaintiffs. (Pls.' Mot. to Amend Compl. (#85).) For the reasons stated below, I GRANT plaintiffs'

motion and find that the additional plaintiffs' claims relate back to November 20, 2008.

## BACKGROUND

    The plaintiffs in this case are current and/or former employees of defendant Telelanguage,

Inc. Plaintiff Lauren Rother brought federal and state wage claims pursuant to 29 U.S.C. §§ 206,

PAGE 1 - OPINION AND ORDER

207 (Fair Labor Standards Act, or "FLSA") and several Oregon wage and hour statutes. (*See* First Am. Compl. (#15).) I conditionally certified a FLSA § 216(b) collective action on February 10, 2009, after which the parties provided *Hoffman-La Roche* notice to potential collective members. (Mins. of Proceedings (#27).) The plaintiffs named in the caption above joined Ms. Rother's suit as collective members.

Ms. Rother also sought class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23 on November 20, 2008 (#15), which I initially denied on February 10, 2009 with leave to renew. (Mins. of Proceedings (#27).) The collective action plaintiffs renewed the Rule 23 certification motion (#75), which I denied on October 7, 2009. (Mins. of Proceedings (#84).) Plaintiffs filed the instant motion, pursuant to Rule 15(a), to include additional putative plaintiffs now that class certification has been denied. (*See* Mot. to Amend Compl. (#85) 2.)

## DISCUSSION

### I.    <u>Amending the Complaint</u>

Rule 15(a)(2) governs leave to amend a pleading, stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Ninth Circuit instructs courts to analyze four factors in addressing whether to allow amendment: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

There is no evidence, nor any allegation by defendants, of bad faith or undue delay. Defendants do argue that several of the proposed plaintiffs cannot state an FLSA claim as alleged in the proposed Second Amended Complaint, making the current motion futile. (*See* Defs.' Resp.

PAGE 2 - OPINION AND ORDER

(#87) 2-3.) Defendants rely on the declaration of Stacy L. Johnson to assert that certain proposed

plaintiffs never used the Lathem time-clock swiping system at issue in the case, or did not work

more than 36.5 hours in a work-week as required to state an FLSA overtime or minimum wage

claim. (*Id.*) Plaintiffs correctly note, however, that the declaration of Ms. Johnson, defense

counsel's paralegal, is insufficient to support defendants' allegations. (Pls.' Reply (#89) 3-4.) Ms.

Johnson summarily concludes, "[b]ased upon [a] review of discovery in this case," that certain

plaintiffs did not use a Latham swipe card or work more than 36.5 hours. (Johnson Decl. (#88) ¶¶

3-4.) Such a conclusion, without any evidentiary support, will not suffice to establish futility.

Defendants are, of course, free to seek summary judgment on this basis at the appropriate

procedural juncture by providing evidence (or pointing to a lack thereof) to refute plaintiffs'

assertions.

Defendants also argue that the proposed Second Amended Complaint "will require the

parties to litigate the FLSA theories on parallel fronts . . . in the same case," on both a collective

and individual basis. (Defs.' Resp. (#87) 3.) Even if the presence of both a collective action and

individual claims requires *some* additional effort by defendants, this fact does not constitute

*prejudice* such that amendment is prohibited. Defendants do not contend that these plaintiffs

would otherwise be barred from pursuing separate, individual actions. In fact, resolution of all

the FLSA (and state law) claims in the same action and forum supports judicial economy.

Neither, as defendants contend, is the calculation of any potential attorney fees so burdensome as

to prejudice defendants. Therefore, I find that allowing the Second Amended Complaint will not

prejudice defendants.[1]

## II.   **Relation Back**

### A.   *Applicability of Rule 15(c)*

Plaintiffs' motion also seeks a ruling that the Second Amended Complaint relate back to the date of the original pleading pursuant to Rule 15(c). (Pls.' Mem. in Supp. (#86) 3-4.) Defendants argue in response that a collective action claim under FLSA commences upon the filing of individual consent and does not relate back to the filing date of the complaint. (Defs.' Resp. (#87) 4.) This argument contends that Rule 15(c) governing the relation back of amended pleadings simply does not apply on these facts.

Defendants are correct that 29 U.S.C. § 256 specifies when an individual claimant's case "commences" in a FLSA collective action. Here, however, the additional putative plaintiffs seek to assert claims on an individual basis, not as members of the collective action. (*See* Pls.' Mot. to Amend Compl. (#85) 2; Defs.' Resp. (#87) 3.) Individual actions brought under FLSA "shall be considered to be commenced on the date when the complaint is filed." 29 U.S.C. § 256. This parallels Rule 3, which describes that "[a] civil action is commenced by filing a complaint with the court." I assume defendants would concede that filing an amended complaint to include an additional plaintiff (or defendant, claim, or defense) generally qualifies as "commencing an action" as envisioned by the Federal Rules of Civil Procedure. Here, too, the Second Amended

---

[1] Because I find that plaintiffs may amend their complaint, I decline to discuss defendants' alternative argument that this court lacks supplemental jurisdiction to review the additional plaintiffs' state law claims in the absence of an FLSA claim. (*See* Defs.' Resp. (#87) 5.) I also decline to speculate on the appropriateness of pendent party jurisdiction, as discussed by plaintiffs, in a hypothetical situation where the FLSA is deemed inapplicable to some individual plaintiff. (*See* Pls.' Reply (#89) 8.)

Complaint constitutes commencement of an action by these additional plaintiffs, and I find that Rule 15(c) applies.[2]

### B.    *Rule 15(c) Analysis*

Rule 15(c) instructs when an amendment to a pleading may relate back to the date of the original pleading, though the rule does not expressly address changing or adding plaintiffs. *See* Fed. R. Civ. Pro. 15(c)(1)(A)–(C). The Ninth Circuit permits relation back of an amendment to a pleading that adds a party plaintiff when: (1) "the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff"; (2) "the relation back does not unfairly prejudice the defendant"; and (3) "there is an identity of interests between the original and newly proposed plaintiff." *Rosenbaum v. Syntex Corp.* (*In re Syntex Corp. Sec. Litig.*), 95 F.3d 922, 935 (9th Cir. 1996) (citing *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir. 1982)).

Defendants do not allege insufficient notice of the proposed additional plaintiffs, nor do they contest the identify of interests between these additional plaintiffs and Ms. Rother or the other members of the collective action. (*See* Defs.' Resp. (#87) 4.) Defendants argue that they "would clearly be prejudiced" by a multi-month extension of the statute of limitations. (*Id.*) Although I recognize that relation back will likely expose defendants to increased potential liability, that fact alone is insufficient to show unfair prejudice. Defendants' conclusory allegation of prejudice is also insufficient. (*Id.*)

---

[2]  Because I find relation back appropriate under Rule 15(c) and Ninth Circuit caselaw, as described below, I decline to address plaintiffs' alternative argument to toll of the statute of limitations. (*See* Pls.' Mem. in Supp. (#86) 4-5.)

PAGE 5 - OPINION AND ORDER

C.    *Timing of Relation Back*

Here, defendants were on notice of these additional potential plaintiffs as of November 20, 2008, when Ms. Rother filed her first motion to certify a FLSA § 216(b) collective action and a Rule 23 class. (*See* Pls.' Mot. to Amend Compl. (#15).) I assume plaintiffs seek relation back to the date of the original complaint filed by Ms. Rother on February 7, 2008, but decline to extend the amended complaint that far back. Ms. Rother's original complaint may have provided at least some minimal notice to defendants of these new plaintiffs, but that notice is weak. The better practice is to use the date of full notice, the date upon which Ms. Rother sought collective action and class certification, November 20, 2008, given the new plaintiffs' reliance on my denial of class certification as the basis for the individual claims now asserted.  I therefore find that the claims brought by the additional plaintiffs in this Second Amended Complaint relate back to the filing of the First Amended Complaint on November 20, 2008.

I recognize that the relation back to November 20, 2008 may put these new plaintiffs, who chose not to opt in to the collective action, in a more favorable position than their colleagues who opted in. For example, several of the collective action members did not file their written consent (thereby commencing an action) until July 2009. There remain, however, powerful and real incentives to opt in to a collective action—primarily, to eliminate the risk of no recovery, or of a later-filed action that may leave a potential plaintiff's claim time-barred. Here, the circumstances allowed these additional plaintiffs to join the suit based on an amended complaint, which relates back to an earlier filing. This will not always be the case, though, so the incentives provided by the FLSA collective action mechanism remain intact.

PAGE 6 - OPINION AND ORDER

_____

## CONCLUSION

For the reasons given above, I GRANT plaintiffs' Motion to Amend Complaint (#85) and

find that the additional putative plaintiffs' claims relate back to November 20, 2008.

IT IS SO ORDERED.

DATED this __5th__ day of _____January_____, 2010.


/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge