**Jon M. Egan**, OSB 002467  Hon. Michael W. Mosman
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **LAUREN ROTHER, KRYSTAL COLEMAN, ALLA DANCU, JOSEPH DRURY, JAMES JACKSON, RICKEY FULLER, LAURIE GALTELAND, YOUNG EUN KIM, CATHY WELCH, MARY SAFATY, MARGRETTA PFEFFER, GOYH SAEPHANH, JONATHAN THOMAS NICHOLS, TRISTA FLORES, MICQUAEL WALKER, NAI SAECHAO, JOEY LAW, DAVID PITTS, CRAIG BUEHRIG, EVELYN GARFIELD, TIMOTHY JONES, JENNIFER MANEJA, SUSAN MATHENGE, AMANDA MOFFITT, AKIRA OKAZAKI, ANTONINA PRANTSEVICH, TONY SENGMANYVONG** and **DANA THOMPSON**, <br><br>               Plaintiffs, <br>  vs. <br><br>**LESLIE LUPENKO**; **ANDREI LUPENKO;** and **TELELANGUAGE INC.**, an Oregon corporation, <br><br>               Defendants. | Case No. 08-CV-161-MO <br><br> SECOND AMENDED COMPLAINT <br><br> (FEDERAL AND STATE WAGE CLAIMS) |

# PRELIMINARY STATEMENT

### 1.

This is an action under state and federal wage and hour laws for certain former employees of Defendants Leslie Lupenko, Andrei Lupenko and Telelanguage, Inc. (collectively, "TELELANGUAGE") to recover unpaid wages and civil penalties (and pre- and post-judgment interest thereon), as well as liquidated damages and injunctive relief.

# JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) (Fair Labor Standard Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

### 3.

This Court has supplemental jurisdiction over the state law claims set forth in this complaint pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arose from a common nucleus of operative facts. The state actions are so related to the federal claims that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. §1391(b)(ii) because TELELANGUAGE transacted business in this district, Plaintiffs were employed by TELELANGUAGE in this district, and acts and omissions that are the subject of this suit transpired in this district.

**PARTIES**

5.

At all material times, Plaintiffs were hourly employees of TELELANGUAGE.

6.

Defendant Telelanguage Inc. is an Oregon corporation doing business in Multnomah County, Oregon and elsewhere, with its Registered Agent in Multnomah County, Oregon.

7.

Defendants Leslie and Andrei Lupenko are owners, operators, managers and/or officers of Telelanguage Inc. They, and each of them, acted directly or indirectly in the interest of Telelanguage Inc. in relation to Plaintiffs throughout their employment.

# FACTS

8.

At all relevant times, TELELANGUAGE willfully rounded the clock-in and clock-out times of its hourly employees.

9.

Several times during the statute of limitations period, TELELANGUAGE has changed its workweek and/or payday without adjusting the compensation of Plaintiffs.

10.

TELELANGUAGE has willfully failed to keep required records of employees' hours worked.

11.

TELELANGUAGE has willfully and repeatedly required, allowed, suffered and permitted Plaintiffs to perform work in excess of 40 hours per workweek without compensating them therefor at one and one half times their regular rate of pay when due.

12.

Plaintiffs performed work for which they were not compensated at either the Oregon or federal minimum wage rates when those wages were due.

13.

Plaintiffs did not receive their final paychecks by the statutorily mandated deadline.

14.

Plaintiffs' checks frequently did not contain all of the pay that they were due.

15.

Plaintiffs never received pay stubs for some of their paychecks.

**FIRST CLAIM FOR RELIEF**

(FLSA Overtime)

16.

All previous paragraphs are incorporated by reference herein.

17.

Pursuant to 29 U.S.C. § 207, TELELANGUAGE was required to pay Plaintiffs at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek when those wages were due but willfully failed to do so.

18.

Plaintiffs are entitled to collect the difference between their received wages and the overtime wages due, as well as an equal amount as liquidated damages, for each workweek over the statute of limitations period, in an amount to be proven at trial, together with attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Oregon Overtime)

19.

All previous paragraphs are incorporated by reference herein.

20.

Pursuant to O.R.S. 653.261, TELELANGUAGE was required to pay Plaintiffs one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek when those wages were due but willfully failed to do so.

21.

Plaintiffs are entitled to collect the difference between their received wages and the overtime due, for each workweek over the statute of limitations period, in an amount to be proven at trial, together with 30 days of statutory penalty wages provided by O.R.S. 653.055 and 652.150, attorney fees, costs and pre- and post-judgment interest.

## THIRD CLAIM FOR RELIEF

(Oregon Unpaid Wages)

22.

All previous paragraphs are incorporated by reference herein.

23.

Pursuant to O.R.S. 652.120, TELELANGUAGE was required to pay

Plaintiffs all wages due when those wages were due but willfully failed to do so.

24.

Plaintiffs are entitled to collect the wages due them, for each workweek over the statute of limitations period, in an amount to be proven at trial, together with attorney fees, costs and pre- and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**

(FLSA Minimum Wage)

25.

All previous paragraphs are incorporated by reference herein.

26.

Pursuant to 29 U.S.C. § 206, TELELANGUAGE was required to pay Plaintiffs at least the amount of the federal minimum wage when those wages were due but willfully failed to do so.

27.

Plaintiffs are entitled to collect the difference between the federal minimum wage and the wages received when due, as well as an equal amount as liquidated damages, for each workweek over the statute of limitations period, in an amount to be proven at trial, together with attorney fees and costs.

## FIFTH CLAIM FOR RELIEF

(Oregon Minimum Wage)

28.

All previous paragraphs are incorporated by reference herein.

29.

Pursuant to O.R.S. 653.025, TELELANGUAGE was required to pay Plaintiffs at least the amount of the Oregon minimum wage when those wages were due but willfully failed to do so.

30.

Plaintiffs are entitled to collect the difference between the Oregon minimum wage and the wages received when due, in an amount to be proven at trial, together with 30 days of statutory penalty wages as provided by O.R.S. 652.150, attorney fees, costs and pre- and post-judgment interest.

## SIXTH CLAIM FOR RELIEF

(Oregon Pay Stub Violation)

31.

All previous paragraphs are incorporated by reference herein.

32.

Pursuant to O.R.S. 652.610, TELELANGUAGE was required to provide Plaintiffs with itemized statements of deductions for every one of their pay periods but willfully failed to do so.

33.

Plaintiffs are each entitled to $200 or actual damages, together with attorney fees, costs and pre- and post-judgment interest.

**SEVENTH CLAIM FOR RELIEF**

(Oregon Late Pay)

34.

All previous paragraphs are incorporated by reference herein.

35.

TELELANGUAGE was required to pay Plaintiffs all wages due within the period required by O.R.S. 652.140 upon termination of employment but willfully failed to do so.

36.

Plaintiffs are entitled to collect all wages remaining due, together with 30 days of statutory penalty wages as provided by O.R.S. 652.150, attorney fees, costs and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court award such damages as set forth above and in amounts to be proven at trial; award their attorney fees, costs and expenses of suit; order Defendants to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs as a result of their state law claims; enter

an order enjoining Defendants from committing similar violations in future; and order such further or alternative relief as the Court deems appropriate.

DATED this 9th day of January , 2010

                                          JON M. EGAN, P.C.

                                          */s/ Jon M. Egan*

                                          JON M. EGAN
                                          OSB # 002467
                                          (503) 697-3427
                                          Attorney for Plaintiffs