**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

Hon. Michael W. Mosman

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAUREN ROTHER, KRYSTAL COLEMAN, ALLA DANCU, JOSEPH DRURY, JAMES JACKSON, RICKY FULLER, LAURIE GALTELAND, YOUNG EUN KIM, CATHY WELCH, MARY SAFATY, MARGRETTA PFEFFER, GOYH SAEPHANH, JONATHAN THOMAS NICHOLS, TRISTA FLORES, MICQUAEL WALKER, NAI SAECHAO, JOEY LAW, DAVID PITTS, EVELYN GARFIELD, TIMOTHY JONES, JENNIFER MANEJA, SUSAN MATHENGE, AMANDA MOFFITT, AKIRA OKAZAKI, ANTONINA PRANTSEVICH, TONY SENGMANYVONG and DANA THOMPSON,<br><br>         Plaintiffs,<br><br>  vs.<br><br>LESLIE LUPENKO; ANDREI LUPENKO; and TELELANGUAGE INC., an Oregon corporation,<br><br>         Defendants. | Case No. 08-CV-161-MO<br><br>PLAINTIFFS' TRIAL MEMORANDUM |

Plaintiffs are entitled to be paid all wages that remain owing from their employment with Defendants. Some of the wages are owing because Defendants violated a specific law or rule. Some of them are owing because they were simply unpaid, without any discernable reason. Some of them were not paid promptly but were paid at some later date (entitling the employee to penalties, liquidated damages and/or interest for non-prompt payment). No matter what the reason, if the wages remain unpaid, Plaintiffs are entitled to recover them.

**Defendants' Notice of Claims**

Plaintiffs' claims for economic damages were all included in the exhibits to the Declaration of Jon M. Egan in Support of Plaintiffs' Motion for Summary Judgment [Document 113]. Defendants' claims that Plaintiffs did not previously disclose these violations are inapposite. For example, in footnote 4 on page 5 of Defendants' Trial Memorandum, Defendants claim that Plaintiffs' claims to be paid overtime for unpaid breaks that occurred during overtime weeks were "not properly disclosed during discovery or at summary judgment." [Document 149 at Page ID# 2341]. On the contrary. In each and every Plaintiff's exhibit to Mr. Egan's Declaration, each and every green entry (designating unpaid breaks of less than 30 minutes) that occurred in an overtime week was counted and claimed in that exhibit as unpaid overtime.

Similarly, Defendants claim that Jonathan Thomas Nichols "was identified as seeking relief under [the holiday pay] claim for the first time in plaintiffs' counsel's September 13 e-mail." Defendants' Trial Memorandum [Document 149] at footnote 7 on page 9 [Page ID# 2345]. This is not true. Mr. Nichols claimed

**Plaintiffs' Trial Memorandum**                                                   Page 2

time-and-a-half for the full day of Labor Day (9/1/08) in Exhibit 18 to the Declaration of Jon M. Egan in Support of Plaintiffs' Motion for Summary Judgment [Document 113-5], Page 13 of 15. As another example, Defendants argue as if "Ms. Galteland were not identified as seeking relief under [the bounced paycheck] factual theory in plaintiffs' discovery responses or summary judgment filings." Defendants' Trial Memorandum [Document 149] at Page 8 [Page ID# 2344]. On the contrary. *See* Exhibit 8 to the Declaration of Jon M. Egan [Document 113-4], Page 20 of 24, wherein Ms. Galteland claims that she was promptly paid $0.00 for that pay period.

      Throughout this case, Defendants have been trying to atomize the facts and Plaintiffs into separate theories. In reality, however, the only way to determine whether there has been a minimum wage, overtime or other violation in any particular workweek or pay period for a particular Plaintiff is to look at all of the facts and circumstances of that workweek together. Defendants have indicated that they will be filing motions in limine to exclude certain Plaintiffs from recovering for certain violations on the grounds that Defense counsel had not heretofore realized that those violations had occurred. Plaintiffs will address those allegations in response to Defendants' motions.

**Willfulness, Good Faith and Objective Reasonableness**

      The standards for "willfulness" under O.R.S. 652.150 (to impose penalty wages for late payment of final wages) and 29 U.S.C. § 255(a) (to impose a three-year statute of limitations for FLSA violations) are separate and distinct, and both

are different than the standard of good faith and objective reasonableness (by which an employer may escape liquidated damages).

### Oregon Willfulness

O.R.S. 652.150 entitles an employee to penalty wages "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases." "An employer willfully fails to pay wages owed at termination when it knows or reasonably should know all the facts that trigger the obligation under ORS 652.150, in particular, that the employment relationship has ended and that an identified employee has not received the wages he or she has earned, and nonetheless fails to pay the employee those wages. A reasonable lack of knowledge of those historical facts immunizes the employer from penalties." *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 665, 107 P.3d 61 (2005). An "[a]ction that is careless, however, can be 'willful' or 'knowing'." *Id.* at 662. "[A]n employer does not act willfully if it acts without fully knowing that the historical circumstances triggering the obligation have occurred (for example, that the employee has quit) or if it acts based on an innocent miscalculation **that is not careless**." *Id.* at 662–63 (emphasis added).

"Misunderstanding," "subjective good-faith belief" that wages are not due, and a "lengthy payroll process" will not defeat a finding of willfulness. *See Wells v. Carlson*, 78 Or. App. 536, 541, 717 P.2d 640 (1986) (defendant's nonpayment of wages was willful, regardless of whether refusal to pay was based on misunderstanding); *Vento v. Versatile Logic Sys. Corp.*, 167 Or. App. 272, 278, 3 P.3d 176 (2000) (failure to pay wages was willful, notwithstanding subjective

**Plaintiffs' Trial Memorandum**                                                                 Page 4

good-faith belief that wages were not due); *Putnam v. Oregon Dep't of Justice*, 58 Or. App. 111, 116, 647 P.2d 949 (1982) (although defendant had difficulty in processing payment for all of plaintiff's wages on her last day of work, defendant's delay was "willful" within the meaning of this section).

Finally, it is worth noting that no controlling case has held that the "willfulness" requirement of O.R.S. 652.150 extends to minimum wage or overtime violations. By its terms, the willfulness requirement is limited to when an employer "willfully fails to pay any wages or compensation of any employee **whose employment ceases, as provided in ORS 652.140 and 652.145**." (emphasis added). O.R.S. 653.055 does not incorporate this willfulness requirement; it states only that minimum wage and overtime violations yield the "civil penalties provided in [*i.e.*, as calculated in] ORS 652.150." Courts should not read restrictions into statutes that are not there.

**FLSA Willfulness**

Where violation of the FLSA is "willful," a three-year rather than two-year statute of limitations applies. 29 U.S.C. § 255(a). This is a different standard than the "willfulness" required to qualify for Oregon penalty wages. The party alleging willfulness under the FLSA bears the burden of proof "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLoughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). To make out a reckless violation, the moving party may satisfy its burden by showing that the "employer disregarded the very 'possibility' that it was violating the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894,

908–09 (9th Cir. 2003). In the present case, Defendants had a former attorney, Defendant Leslie Lupenko, handling their payroll. Ms. Lupenko had access to all of the applicable time records, a knowledge of the required payments under the statute, and the knowledge that the violations were repeated and ongoing.

### FLSA Good Faith and Objective Reasonableness

Finally, contrary to Defendants' assertions, the good faith and objective reasonableness affirmative defense is different than either of the willfulness standards. In Defendants' Trial Memorandum, for example, they state that "[t]he Court may also award liquidated damages equal to twice the amount of unpaid overtime if the violation was in bad faith and without objectively reasonable grounds." Defendants' Trial Memorandum [Document 149] at 4 [Page ID# 2340], citing *Alvarez v. IBP*, 339 F.3d 894, 909 (9th Cir. 2003), *rev'd on other grounds*, 546 U.S. 21 (2005). Defendants badly misread *Alvarez*. Under the FLSA, liquidated damages are *mandatory* unless *the Defendants plead and prove* that they acted both in subjective good faith and with objectively reasonable grounds for thinking that their actions conformed to the requirements of the FLSA. 29 U.S.C. § 260 ("In any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], *if the employer shows* to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court *may*, in its sound discretion, award no liquidated damages or award any amount thereof ... .") (emphasis added).

**Plaintiffs' Trial Memorandum**                                                                                     Page 6

Because the statute places the burden of proof on the employers, the defense must be asserted in a pleading. Fed.R.Civ.P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."). In this case, Defendants have not pled the affirmative defense of good faith and objective reasonableness, so liquidated damages are mandatory if FLSA violations are shown. *See, e.g.*, *Noble v. Serco*, Inc., 2009 U.S. Dist. LEXIS 54632, *12–*13 (E.D. Ky. June 25, 2009) ("[Employee] Noble's claims that [employer] Serco did not act in good faith and that Serco had no reasonable basis for believing the FLSA did not apply are not elements a plaintiff must prove. Rather, these are elements of an affirmative defense a defendant can raise. If Serco raises this affirmative defense to the mandatory imposition of liquidated damages, then it will have the burden to establish that it acted in good faith and under the reasonable belief that its actions complied with the FLSA.").

**Workweek Changes**

Defendants claim that "only the August 2007 change in defendant's [sic] workweek is part of this case." Defendants' Trial Memorandum [Document 149] at note 1 on page 2 [Page ID# 2338]. This claim is incorrect. The changes in Defendants' workweek resulted in underpaid overtime on the following paychecks: 1/20/06 (Laurie Galteland), 7/21/06 (Ricky Fuller), 8/7/06 (Ricky Fuller), 2/21/07 (David Pitts),  8/6/07 (Prantsevich/Kislyak, Rother, Safaty), 8/21/07 (Ricky Fuller). The records and testimony to be introduced at trial will show that these Plaintiffs were underpaid overtime as a result of the changes in workweek.

**Plaintiffs' Trial Memorandum**                                                                                           Page 7

**Bona-Fide Meal Period Violations**

Just as in the summary judgment briefings, Defendants misconstrue the holding of *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 344 Or. 525, 536, 185 P.3d 446 (2008). Contrary to Defendants' misleading citation (on page 6 of their Trial Memorandum [Document 149 at Page ID# 2342]), *Gafur* actually *supports* Plaintiffs' recovery on this issue:

> Having considered the text of ORS 653.055, ORS 653.261, and OAR 839-020-0050 in context, we conclude that **an employee who takes a rest break does not stop working for wage and hour purposes**. It follows that an employee who works four hours and takes a 10 minute rest break within that four-hour period "works" the same amount of time (for wages and hour purposes) as an employee who works four hours and does not take a rest break. **In each circumstance, the employee is entitled to four hours pay** and no more.

*Id.* at 536 (emphasis added). Neither is Defendants' citation of *Rogers* apposite. Defendants' Trial Memorandum [Document 149] at 6 [Page ID# 2342], citing *Rogers v. RGIS LLP*, 229 Or. App. 580 (2009), *adhered to as modified*, 232 Or. App. 433, 434 (2009). In *Rogers*, the Court held that an employee does not have a private right of action for breaks *that were not provided*. *Id*. In both *Gafur* and *Rogers*, the plaintiffs worked straight through their breaks. They were paid for the time they were working, but they sought to be paid *twice* for that time, since the breaks were unprovided. The Courts denied such double recovery. In the present case, Plaintiffs are not suing for unprovided breaks. They are suing to be paid for breaks that they actually took and were not paid for—time that, according to both state and federal regulations, counts as paid work time. 29 C.F.R. §§ 785.18–19; O.A.R. 839-020-0050; *Brennan v. Elmer's Disposal*

*Service, Inc.*, 510 F.2d 84, 88 (9th Cir. 1975) (Deductions are proper when the meal period lasts at least 30 minutes and the employees are completely relieved from duties).

**Raises, Holiday Pay and Other Contract Terms**

Defendants' promises to their employees for various types of payment in exchange for the employees' work are enforceable in contract. Money due under an employment contract is wages. *Hekker v. Sabre Constr. Co.*, 265 Or 552, 559–60, 510 P2d 347 (1973) ("wages" means "payment for services rendered."). Defendants' failure to pay money as promised, such as holiday pay or promised raises (*e.g.* Mary Safaty's 8/22/05 paycheck and Alla Dancu's 8/21/06 and 9/6/06 paychecks) is therefore a failure to pay wages, covered by Oregon's wage and hour laws.

**Late Paydays and Bounced Checks**

Plaintiffs understand the Court's ruling at summary judgment to be that the payment of the minimum wage and overtime after its due date is not a per se minimum wage or overtime violation, but that it may be a violation if the jury finds from the facts that a payment was not "prompt." This ruling accords with the view in other circuits. "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998), citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960) ("While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities… .")

**Plaintiffs' Trial Memorandum**                                                              Page 9

and *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S.Ct. 895 (1945) (Congress recognized "that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being.").

Defendants claim that "[t]here is no dispute that plaintiffs ultimately received paychecks secured by appropriate funds and were therefore paid the wages to which they were entitled." Defendants' Trial Memorandum [Document 149] at 8 [Page ID# 2344]. There is indeed a dispute on that issue. Some Plaintiffs eventually received the amounts that should have been in previous paychecks, and some did not, as clearly shown by the evidence. For the Plaintiffs who did receive late paychecks that were in the amount they should previously have been issued, they are entitled to interest for the delay. No Plaintiff is seeking double recovery of funds that were actually paid (as was denied in the case cited by Defendants, *Allen v. County of Jackson County*, 340 Or. 146, 156 (2006)).

**Defendants' Failure to Pay All Wages Earned and Unpaid Upon Termination**

Defendants repeat their unsuccessful summary judgment claim that Plaintiffs failed to provide sufficient prelitigation written notice of Defendants' nonpayment of their wages. O.R.S. 652.150 does not limit written notice to pre-suit written notice. It merely allows an employer to limit its exposure to penalty

**Plaintiffs' Trial Memorandum**                                                                                      Page 10

wages if it pays all unpaid wages within 12 days of receiving written notice of nonpayment. The Oregon Legislature knows how to require written notice before filing an action—it did so in O.R.S. 652.200(2):

> In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give *written notice of the wage claim to the employer before filing the action.*

(emphasis added). O.R.S. 652.150 has no such limitation. Defendants could only have limited their penalty wages, therefore, by paying all wages due and owing within 12 days of written notice of nonpayment of wages. Plaintiff Lauren Rother sent a demand letter to Defendants prior to instituting this lawsuit. But even if she hadn't, there have been over 150 documents filed in this lawsuit, the majority of which have constituted written notice of the nonpayment of wages, and Defendants have never tendered a single penny to any Plaintiff.

Further, even the penalty-limiting provisions of O.R.S. 652.150 do not apply in certain circumstances:

> (4) Subsections (2) and (3)(b) of this section do not apply when:
> (a) The employer has violated O.R.S. 652.140 or 652.145 one or more times in the year before the employee's employment ceased; or
> (b) The employer terminated one or more other employees on the same date that the employee's employment ceased.
> (5) The employer may avoid liability for the penalty described in this section by showing financial inability to pay the wages or compensation at the time the wages or compensation accrued.

**Plaintiffs' Trial Memorandum**                                                                 Page 11

As shown in this case, Defendants violated O.R.S. 652.140 (payment of wages on termination of employment) several times every year. They therefore cannot limit their penalties under O.R.S. 652.150(2).

## Elements of Plaintiffs' Claims

Defendants have not alleged any affirmative defenses. The elements of each Plaintiff's claims are as follows:

### First Claim for Relief: FLSA Overtime (29 U.S.C. § 207)

1. Plaintiff was employed by the Defendants during the time period involved;
2. Plaintiff was an employee engaged in commerce or in the production of goods for commerce, or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
3. Defendants failed to promptly pay the Plaintiff the overtime required by law.
4. Defendants' failure was willful (not required to prove a technical violation, but yields longer statute of limitations).

### Second Claim for Relief: Oregon Overtime (O.R.S. 653.261)

1. Plaintiff was employed by the Defendants during the time period involved; and
2. Plaintiff worked more than 40 hours in a given workweek; and
3. Defendants failed to pay the Plaintiff time-and-a-half for the hours exceeding 40 in that workweek.

### Third Claim for Relief: Oregon Unpaid Wages (O.R.S. 652.120)

1. Plaintiff was employed by the Defendants during the time period involved; and
2. Defendants failed to pay the Plaintiff all wages due and owing to them on the regular established payday.

### Fourth Claim for Relief: FLSA Minimum Wage (29 U.S.C. § 206)

1. Plaintiff was employed by the Defendants during the time period involved;

2. Plaintiff was an employee engaged in commerce or in the production of goods for commerce, or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
3. Defendants failed to promptly pay the Plaintiff the minimum wage required by federal law.
4. Defendants' failure was willful (not required to prove a technical violation, but yields longer statute of limitations).

### Fifth Claim for Relief: Oregon Minimum Wage (O.R.S. 653.025)

1. Plaintiff was employed by Defendants during the time period involved; and
2. Defendants failed to pay the Plaintiff the minimum wage required by Oregon law.

### Sixth Claim for Relief: Oregon Paystub Violation (O.R.S. 652.610)

1. Plaintiff was employed by Defendants during the time period involved; and
2. Defendants deducted or withheld money from Plaintiff's pay without providing an itemized written statement of such deductions on the regular payday for that pay period.

### Seventh Claim for Relief: Oregon Late Pay (O.R.S. 652.140)

For those who quit with at least 48 hours' notice (Joseph Drury, Trista Flores, James Jackson, Timothy Jones, Young Eun Kim, Joey Law, Amanda Moffitt Antonina Prantsevich (now Kislyak), Lauren Rother, Goyh Saephanh):

1. Plaintiff was employed by Defendants during the time period involved; and
2. Plaintiff voluntarily quit their employment after having given Defendants not less than 48 hours' notice of their intention to quit employment; and
3. Defendants failed to immediately pay Plaintiff all wages earned and unpaid at the time of quitting.
4. Defendants' failure was willful (not required for a technical violation, but provides penalty wages).

For those who were terminated or whose termination was by mutual agreement (Krystal Coleman, Ricky Fuller, Susan Mathenge, Jonathan Thomas Nichols, Margretta Pfeffer, David Pitts, Nai Saechao, Mary Safaty, Dana Thompson, Micquael Walker, Cathy Welch (now Crose)):

1. Plaintiff was employed by Defendants during the time period involved; and
2. Defendants terminated Plaintiff's employment or the termination was by mutual agreement; and

**Plaintiffs' Trial Memorandum**                                                  Page 13

3. Defendants failed to pay Plaintiff all wages earned and unpaid at the time of discharge or termination by the end of the first business day after discharge or termination.
4. Defendants' failure was willful (not required for a technical violation, but provides penalty wages).

For those who quit without 48 hours' notice (Alla Dancu, Laurie Galteland, Evelyn Garfield, Jennifer Maneja, Akira Okazaki, Tony Sengmanyvong):

1. Plaintiff was employed by Defendants during the time period involved; and
2. Plaintiff voluntarily terminated their employment with Defendants after having given less than 48 hours' notice of their intention to quit employment; and
3. Defendants failed to pay Plaintiff all wages earned and unpaid at the time of discharge or termination within five days, excluding Saturdays, Sundays and holidays, after the employee has quit, or at the next regularly scheduled payday after the employee has quit, whichever event first occurs.
4. Defendants' failure was willful (not required for a technical violation, but provides penalty wages).

DATED this 22nd day of September, 2010

        JON M. EGAN, P.C.

        */s/ Jon M. Egan*

        Jon M. Egan, OSB #002467
        (503) 697-3427
        Attorney for Plaintiffs