IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **LAUREN ROTHER, KRYSTAL COLEMAN, ALLA DANCU, JAMES JACKSON, RICKY FULLER, LAURIE GALTELAND, MARY SAFATY, MARGRETTA PFEFFER, GOYH SAEPHANH, JONATHAN THOMAS NICHOLS, TRISTA FLORES, MICQUAEL WALKER, NAI SAECHAO, JOEY LAW, DAVID PITTS, TIMOTHY JONES, JENNIFER MANEJA, SUSAN MATHENGE, AKIRA OKAZAKI, and DANA THOMPSON,** | ) ) ) ) ) ) ) ) ) ) | No. CV 08-161-MO |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **LESLIE LUPENKO; ANDREI LUPENKO; and TELELANGUAGE INC., an Oregon corporation**, | ) ) ) ) | |
| Defendants. | ) ) | |

**JURY INSTRUCTIONS**

DATED: This __6th__ day of October, 2010

/s/ Michael W. Mosman
Michael W. Mosman
UNITED STATES DISTRICT JUDGE

**Instruction No. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Instruction No. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that the defendants did not promptly pay them all of the wages and overtime that they were due, that they were not paid the state and federal minimum wage, that defendants did not promptly pay them upon their termination, and that some of these sums remain unpaid. The plaintiffs have the burden of proving these claims.

The defendants deny those claims, and argue that if there were any errors they were unintentional and simply a matter of oversight.

**Instruction No. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 4**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Instruction No. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.                          the sworn testimony of any witness;

2.                          the exhibits which are received into evidence; and

3.                          any facts to which the lawyers have agreed.

**Instruction No. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence.

2.    Questions and objections by lawyers are not evidence.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.    Anything you may have seen or heard when the court was not in session is not evidence.

**Instruction No. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Instruction No. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Instruction No. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Instruction No. 10**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion. You are to keep an open mind throughout the case until you have fully deliberated. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 12**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Instruction No. 13**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 14**

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you  propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**Instruction No. 15**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Instruction No. 16**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 17**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Instruction No. 18**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Instruction No. 19**

**INTRODUCTION**

You have heard all of the testimony in this case, and you will have a chance to review all of the documentary evidence that has been admitted. You will determine whether that evidence shows that the defendants have violated any of the laws that the plaintiffs allege that they violated, and if so, what the plaintiffs' damages are. The plaintiffs have alleged that the defendants have violated both federal and Oregon laws, and I will instruct you as to both. You will have a written copy of these instructions with you in the jury room to consult as you deliberate.

First, I will instruct you as to the federal law that the plaintiffs allege that the defendants have violated—the Fair Labor Standards Act, or FLSA.

**Instruction No. 20**

**FLSA – INTRODUCTION**

The Fair Labor Standards Act (or FLSA) is the federal law that provides for the payment of minimum wages and time-and-a-half overtime pay. The plaintiffs claim that the defendants did not pay them the minimum wages and overtime pay required by law. In order to prevail on a claim under the FLSA, the plaintiffs must prove each of the following facts by a preponderance of the evidence (more likely than not);

1. That the plaintiff was employed by the defendants during the time period involved;

2. That the plaintiff was an employee engaged in commerce or in the production of goods for commerce, or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

3. That the defendants failed to pay the plaintiff the minimum wage or overtime pay required by law.

A plaintiff may not waive an FLSA violation. That means that even if a plaintiff agrees at the time to accept a violation from their employer, the plaintiff can still recover damages for the violation in a later lawsuit.

**Instruction No. 21**

**FLSA—EMPLOYER**

   With respect to the first fact that plaintiffs must prove, the parties have agreed that all of the plaintiffs were employed by defendant Telelanguage, Inc., and you should consider that fact as established. The plaintiffs also allege that Andrei Lupenko and Leslie Lupenko are also qualified as employers under federal law. The defendants deny that Andrei Lupenko and Leslie Lupenko were the plaintiffs' employers under federal law. Under the federal Fair Labor Standards Act, employer. means the enterprise that employs the plaintiff, as well as anyone acting directly or indirectly in the interest of that employer with respect to that plaintiff.

   The plaintiffs have alleged that defendants Andrei Lupenko and Leslie Lupenko acted directly or indirectly in the interest of Telelanguage, Inc. with respect to the alleged violations. You have heard the evidence regarding that fact and will indicate on the Verdict Form whether or not Andrei Lupenko and Leslie Lupenko acted directly or indirectly in the interest of Telelanguage, Inc. with respect to any particular plaintiff.

**Instruction No. 22**

**FLSA—COVERAGE**

　　With respect to the second fact that the plaintiffs must prove, only certain employees are covered by the FLSA. The plaintiffs can only recover under federal law if they were themselves engaged in commerce, or if they were employed by an enterprise engaged in commerce or in the production of goods for commerce. The term "commerce" has a very broad meaning and includes any trade, transportation, transmission or communication between any place within a state and any place outside that state.

　　If an individual employee is not engaged in commerce, they can still be covered by the FLSA if their employer was an enterprise engaged in commerce or the production of goods for commerce. If an employer is an enterprise engaged in commerce, then all of its employees are covered by the FLSA. An enterprise is the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose. An enterprise engaged in commerce is an enterprise that in a given year regularly and recurrently has at least two or more employees engaged in commerce and has over $500,000.00 in annual sales.

**Instruction No. 23**

**FLSA—FEDERAL MINIMUM WAGE**

The third fact that the plaintiffs must prove is that their employer violated the federal minimum wage or overtime laws.

An employer covered by the FLSA must pay at least the federal minimum wage for all hours worked by an employee for each workweek. Unpaid minimum wages are the amount of minimum wages that was not paid, minus any actual amounts later paid by the employer. The federal minimum wage rates applicable in this case are as follows:

Any date before July 23, 2007 – $5.15 per hour;

July 24, 2007 to July 23, 2008 – $5.85 per hour;

July 24, 2008 to July 23, 2009 – $6.55 per hour;

July 24, 2009 to Present – $7.25 per hour.

**Instruction No. 24**

**FLSA—FEDERAL OVERTIME**

An employer covered by the FLSA must pay overtime compensation in any workweek in which an employee has more than 40 hours worked. Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 in a given workweek. All of the plaintiffs are hourly employees with a regular hourly rate, so their regular rate of pay is simply their hourly rate. Unpaid overtime is the amount of overtime that was not promptly paid, minus any amounts actually paid later by the employer. There is no requirement that overtime be paid weekly, but it may not be delayed beyond payday.

"Hours worked" means all hours an employee is required, suffered or permitted to give the employer. In addition to hours spent actually working, hours worked includes time when an employee is required to remain on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes.

Hours worked includes rest breaks, but it does not include bona fide meal periods. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions.  If you find that the meal period was not long enough to be a bona fide meal period, then the break counts as hours worked.

You must determine the number of hours worked based on all of the evidence. The defendants are legally required to maintain accurate records of the employees' hours worked.  If you find that the defendants' records of how many hours a plaintiff worked are inaccurate or inadequate you must consider (1) whether the plaintiff has in fact performed work for the time in dispute, and (2) whether there is enough evidence to make a just and reasonable inference as to the amount and extent of that work.  If you can make that inference, you must accept that inference as to that individual plaintiff, unless the defendants show the precise amount of work performed or present evidence showing the inference is unreasonable.

"Workweek" can be any seven consecutive days, as designated by the employer (for example, midnight Sunday to midnight Saturday). Each workweek stands alone for overtime purposes (so, for example, an employee who works 30 hours one workweek and 50 hours the next workweek must be paid 10 hours of overtime for the second workweek, even though the two workweeks average out to only 40 hours each). There is no requirement in the FLSA that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends.

The beginning of the work week may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of this rule. When an employer changes the workweek so that some hours worked are not included in either the previous or subsequent workweeks, the employee is paid overtime for those hours as follows: calculate the overtime the employee would have received if the hours were part of the previous workweek, then calculate the overtime the employee would have received if the hours were part of the subsequent workweek, and award the employee the greater number of overtime hours

between the two.

**Instruction No. 26**

**FLSA—DE MINIMIS EXCEPTION**

The FLSA allows an employer to disregard insubstantial or insignificant periods of time that cannot, as a practical matter, be precisely reported for payroll purposes.

**Instruction No. 27**

**FLSA—LIQUIDATED DAMAGES**

If you find that defendants did not pay a plaintiff minimum wages or overtime, then that plaintiff will receive both the unpaid amounts and an equal amount again as federal liquidated damages. The federal liquidated damages are equal to the amounts defendants did not promptly pay the plaintiffs.  However, if you find that a plaintiff simply was not paid anything on payday, that is not a minimum wage violation, but a late payment violation.

**Instruction No. 28**

**OREGON—INTRODUCTION**

  Oregon has several wage and hour laws that are at issue in this case. The plaintiffs claim that the defendants failed to promptly pay them all of the wages that they were due as required by Oregon law, that the defendants failed to promptly pay them the state minimum wage as required by Oregon law, that the defendants failed to promptly pay them overtime as required by Oregon law, that the defendants deducted amounts from their pay without providing pay stubs as required by Oregon law, and that the defendants failed to promptly pay them upon their termination as required by Oregon law. I will now instruct you as to each of these Oregon laws.

**Instruction No. 29**

**OREGON—WAGES NOT PAID ON PAYDAY**

The plaintiffs claim that the defendants failed to promptly pay them all of the wages that they were due as required by Oregon law. In order to prevail on this claim under Oregon law, the

Plaintiffs must prove each of the following facts by a preponderance of the evidence (more likely than not);

1. Plaintiff was employed by the defendants during the time period involved; and

2. Defendants failed to pay the plaintiff all wages due and owing to them on the regular established payday.

Under Oregon law, an employer must establish regular paydays. An employer must pay an employee for all hours worked during a pay period on the payday for that pay period. Just as with federal violations, a plaintiff may not waive Oregon wage and hour violations. That means that even if a plaintiff agrees at the time to accept the violation from their employer, the plaintiff can still recover damages for the violation in a later lawsuit

"Hours worked" means all hours that an employee is required to give to the employer. Hours worked includes all work time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place. Work requested or required is considered work time. Work not requested but suffered or permitted is considered work time.

Hours worked does not include meal periods. A meal period must be at least 30 minutes of uninterrupted break. If a break lasts less than 30 minutes, or an employee is not relieved of all duties for 30 continuous minutes during the break, then the employer must pay the employee for the entire break.

Employees must be paid in legal tender (cash), direct deposit into their bank (if they have agreed to that), or a check from a bank account that has sufficient funds to cover the check.

**Instruction No. 30**

**OREGON—MINIMUM WAGE**

The plaintiffs also claim that the defendants failed to pay them the minimum wage as required by Oregon law. In order to prevail on this claim under Oregon law, the plaintiffs must prove each of the following facts by a preponderance of the evidence (more likely than not);

1.    The plaintiff was employed by the defendants during the time period involved; and

2.    The defendants failed to pay the plaintiff the minimum wage required by Oregon law.

An Oregon employer must pay at least the Oregon minimum wage for all hours worked by an employee for each workweek. Unpaid minimum wages are the amount of minimum wages that was not paid, minus any actual amounts later paid by the employer. The Oregon minimum wage rates applicable in this case are as follows:

Any date before January 1, 2002 - $6.50 per hour;

January 1, 2003 to December 31, 2003 - $6.90 per hour;

January 1, 2004 to December 31, 2004 - $7.05 per hour;

January 1, 2005 to December 31, 2005 - $7,25 per hour;

January 1, 2006 to December 31, 2006 - $7.50 per hour;

January I, 2007 to December 31, 2007 - $7.80 per hour;

January 1, 2008 to December 31, 2008 - $7.95 per hour;

January 1, 2009 to Present - $8.40 per hour.

If you find that defendants have not paid the Oregon minimum wage to an employee, even if they later made up the difference, that plaintiff will be entitled to penalty wages. The penalty for violation of the minimum wage law is 30 days' worth of wages, at 8 hours per day times the plaintiff's final wage rate. If a plaintiff's final wage rate was $11.00 per hour, for example, the minimum wage penalty would be $2,640.00.

**Instruction No. 31**

**OREGON—OVERTIME**

The plaintiffs also claim that the defendants failed to pay them overtime as required by Oregon law. In order to prevail on this claim under Oregon law, the plaintiffs must prove each of the following facts by a preponderance of the evidence (more likely than not);

1. The plaintiff was employed by the defendants during the time period involved; and

2. The plaintiff worked more than 40 hours in a given workweek; and

3. The defendants failed to pay the plaintiff time-and-a-half for the hours worked exceeding 40 in that workweek.

"Workweek" means any seven consecutive days as determined by the employer. The beginning of the work week may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of this rule. For purposes of overtime computation, each work week stands alone.

If the employer has not willfully violated these requirements one or more times in the year before the employee's employment ceased, the penalty may not exceed 100% of the employee's unpaid wages or compensation unless the employer fails to pay the full amount of the employee's unpaid wages or compensation within 12 days after written notice of such nonpayment is sent to the employer by or on behalf of the employee.  If the employee or a person on behalf of the employee fails to send the written notice, the penalty may not exceed 100% of the employee's unpaid wages or compensation.

**Instruction No. 32**

**OREGON – CLAIM FOR UNPAID WAGES—QUIT WITHOUT 48 HOURS' NOTICE**

To recover on a claim for unpaid wages, the plaintiff must prove:

1.      The plaintiff was the defendant's employee;

2.      The plaintiff did not have a contract for a definite period;

3.      The plaintiff quit his/her employment;

4.      The plaintiff gave the defendant less than 48 hours' notice of his/her intention to quit.  This 48-hour period does not include Saturdays, Sundays, and holidays;

5.      The plaintiff earned wages that were unpaid on the last day of the plaintiff's employment;

6.      The amount of earned wages that were unpaid as of the last day of the plaintiff's employment; and

7.      The defendant did not pay all earned wages at the next regularly scheduled payday or within five days after the plaintiff's last day of employment, whichever evert occurs first.  This five-day period does not include Saturdays, Sundays, and holidays.

**Instruction No. 33**

**OREGON – CLAIM FOR UNPAID WAGES—QUIT WITH 48 HOURS' NOTICE**

To recover on a claim for unpaid wages, the plaintiff must prove:

1.      The plaintiff was the defendant's employee;

2.      The plaintiff did not have a contract for a definite period;

3.      The plaintiff quit employment;

4.      The plaintiff gave the defendant at least 48 hours' notice of his/her intention to quit. This 48-hour period does not include Saturdays, Sundays, and holidays;

5.      The plaintiff earned wages that were unpaid on the last day of the plaintiff's employment;

6.      The amount of earned wages that were unpaid as of the last day of the plaintiff's employment; and

7.      The defendant did not pay all earned wages on the plaintiff's last day of employment.

**Instruction No. 34**

**CLAIM FOR UNPAID WAGES—TERMINATION**

To recover on a claim for unpaid wages, the plaintiff must prove:

1.      The plaintiff was an employee of the defendant;

2.      The defendant discharged the plaintiff;

3.      The plaintiff earned wages that were unpaid at the time of the discharge;

4.      The amount of earned wages that were unpaid at the time of the discharge; and

5.      That those wages were not paid by the end of the first business day after the discharge.

**Instruction No. 35**

**OREGON—PENALTY WAGE FOR FAILURE TO PAY WAGES ON TERMINATION OF OR QUITTING EMPLOYMENT**

If you find that the defendant failed to pay the plaintiff wages due on termination or quitting of employment as required by law, you must determine if the plaintiff is entitled to a penalty wage.  To recover a penalty wage, the plaintiff must prove the defendant's failure to pay was willful.

An employer acts willfully when the employer fails to pay wages if the employer knows and intends to do what the employer is doing.  A failure to pay wages is willful even if the employer did not know the failure to pay wages was a violation of law.  The defendant does not act willfully if the defendant did not know that the plaintiff left employment or if the defendant made an unintentional miscalculation.

If the defendant willfully failed to pay wages owed on termination or quitting of employment, you should award a penalty equal to the plaintiff's wages from the date the wages were due and payable until the date the wages are paid or until a legal action was commenced, whichever occurred first. The penalty wage may not exceed an amount equal to the employee's wages for 30 days.

The rate at which the plaintiff's wages shall continue is the plaintiff's hourly rate of pay times eight hours per day.

If the employer has not willfully violated these requirements one or more times in the year before the employee's employment ceased, the penalty may not exceed 100% of the employee's unpaid wages or compensation unless the employer fails to pay the full amount of the employee's unpaid wages or compensation within 12 days after written notice of such nonpayment is sent to the employer by or on behalf of the employee.  If the employee or a person on behalf of the employee fails to send the written notice, the penalty may not exceed 100% of the employee's unpaid wages or compensation.

**Instruction No. 36**

**OREGON—PREJUDGMENT INTEREST**

If you award damages and/or Oregon penalty wages under Oregon law, you will also award prejudgment interest on all Oregon damage and penalty amounts. Prejudgment interest is to make up for the fact that the plaintiffs have not been able to use the money that the defendants owed them from then until now.  Prejudgment interest is calculated at the rate of 9% simple interest per year, and it accrues daily.

For example, if a plaintiff had Oregon penalty wages of $2,640.00, and those Oregon penalty wages were due 500 days ago, you would multiply $2,640.00 times 0.09 (9%) to get $237.60, the annual interest on that amount. You would then divide the $237.60 annual interest by 365 to get $0.65, the daily interest amount. This means that for every day the $2,640.00 has been unpaid, the Defendants owe the plaintiff $0.65. Because the payment has been due for 500 days, you multiply $0.65 times 500 to get $325,00, the prejudgment interest on those Oregon penalty wages.

Make sure not to award prejudgment interest on any federal damages. Liquidated damages are the federal version of prejudgment interest, so they already compensate plaintiffs for the time they have not had their federal damages. Only award prejudgment interest on Oregon damages and penalty wages.