IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAUREN ROTHER, KRYSTAL COLEMAN, ALLA DANCU, JOSEPH DRURY, JAMES JACKSON, RICKY FULLER, LAURIE GALTELAND, YOUNG EUN KIM, CATHY WELCH, MARY SAFATY, MARGRETTA PFEFFER, GOYH SAEPHANH, JONATHAN THOMAS NICHOLS, TRISTA FLORES, MICQUAEL WALKER, NAI SAECHAO, JOEY LAW, DAVID PITTS, EVELYN GARFIELD, TIMOTHY JONES, JENNIFER MANEJA, SUSAN MATHENGE, AMANDA MOFFITT, AKIRA OKAZAKI, ANTONINA PRANTSEVICH, TONY SENGMANYVONG and DANA THOMPSON, | |
| Plaintiffs, | No. CV 08-161-MO |
| v. | OPINION AND ORDER |
| LESLIE LUPENKO, ANDREI LUPENKO and TELELANGUAGE INC., an Oregon corporation, | |
| Defendants. | |

**MOSMAN, J.**,

Former employees sued Telelanguage, Inc. and its owners for violations of federal and state wage and hour laws. After trial, a jury returned a verdict for the plaintiffs on each claim. Plaintiffs' counsel, Mr. Jon Egan, now moves for an award of attorney fees pursuant to Oregon Revised Statute § 652.200.

1 – OPINION AND ORDER

# DISCUSSION

Oregon Revised Statute § 652.200(2) provides:

> In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action.

The jury verdict establishes that the wages were not paid within the grace period after they were due. Neither party contends that the plaintiffs willfully violated the contract of employment. Therefore, Mr. Egan is entitled to "a reasonable sum for attorney fees at trial" unless he "unreasonably failed to give written notice of the wage claim to the employer before filing the action." I will first address whether Mr. Egan gave proper notice or was excused from giving notice. Because Mr. Egan's claim fails under the first prong, I do not address what fee would be reasonable.

**I.    Notice Was Not Given**

Mr. Egan claims Lauren Rother, the plaintiff who commenced the suit, gave adequate notice. He concedes that prelitigation notice was not given for the remaining plaintiffs, arguing that it would have been "impossible." (Pl.'s Reply Br. (#209) 21.)[1]

**A.    *Notice Requirements***

Notice is not clearly defined in the statute, but has been clarified by state case law, with reference to the legislative history. *See Belknap v. U.S. Bank Nat'l Ass'n*, 234 P.3d 1041, 1046–48 (Or. Ct. App. 2010). In *Belknap* plaintiff's counsel provided pre-litigation notice that

---

[1] All page citations to the briefs refer to their asserted page numbers, rather than the page numbers provided by the CM/ECF system.

2 – OPINION AND ORDER

did not identify the precise claims that would be asserted by the class or identify the individual plaintiffs. The appellate court affirmed the trial court's ruling that the notice was insufficient because "the employer would have no opportunity to resolve the claim before litigation is commenced." *Id.* at 1047 (internal quotations omitted). "[T]he legislature's intent was to provide the employer with an opportunity to resolve the wage claim before the expense of litigation was incurred." *Id.* The court emphasized this repeatedly, going as far as to reproduce a quote by Abraham Lincoln on the virtues of discouraging litigation,[2] and eventually reaffirmed that the central purpose of the wage and hour laws is "prompt payment" to employees after termination. *Id.* at 1048 (quoting *Lamy v. Jack Jarvis & Co., Inc.*, 574 P.2d 1107, 1111 (Or. 1978)). "The purpose of the provision cannot be attained if the defendant is not given sufficient information to attempt to expeditiously resolve the claim before litigation commences." *Id.*

    **B.**    *Ms. Rother's Letter*

On January 14, 2008, Lauren Rother sent a letter saying:

> To Whom it May Concern:
>
> I do not think that Telelanguage has paid me all that you owe me. Please pay me what you still owe me.
>
> Sincerely,
>
> Lauren Rother (Def.'s Ex. 530.)

Three weeks later, she filed the complaint that began this suit. Mr. Egan argues that this letter meets the notice requirement of § 652.200. I disagree.

Ms. Rother's letter does not provide sufficient information to allow Telelanguage to expeditiously resolve the claim before litigation commences. It does not provide enough

---

[2] "Discourage litigation, persuade your neighbors to compromise whenever you can. As a peacemaker, the lawyer has a superior opportunity of being a good man. There will still be business enough." *Id.* (quoting Abraham Lincoln as quoted by Rep. Jeff Kruse, Hearing on HB. No. 2500 before the H. Comm. on Bus., Labor & Consumer Affairs, 2001 Leg., 71st Sess. Tape 31 A (statements of Rep. Jeff Kruse)).

3 – OPINION AND ORDER

information to allow Telelanguage to figure out what is owed. Mr. Egan's argument suggests that Telelanguage should be expected to settle the dispute by issuing a blank check.

The plaintiffs argue that the amount owed is somewhere in the employer's payroll data, so no further notice is required. This argument fails. Where an employer has multiple employees, each making claims over multiple years, "Please pay me what you owe me" is insufficient to allow an employer to reasonably determine how much is owed, especially where, as here, the plaintiffs' theories of why the money was owed were not revealed until summary judgment, and even plaintiffs' counsel had not cleared up the exact amounts claimed until the final verdict form was prepared on the final day of trial.

Because this letter fails the test set out in *Belknap*, it does not constitute adequate pre-litigation notice. Because Mr. Egan has offered no reason why failing to provide pre-litigation notice for Lauren Rother was reasonable, he is not entitled to attorney fees for her claim under § 652.200.

## II.   Failing to Provide Notice Was Unreasonable

Having conceded that pre-litigation notice was not provided for the remaining plaintiffs, Mr. Egan must show that this failure was reasonable.

"In determining whether an actor's failure to comply with a statutory mandate is 'unreasonable,' it is necessary to consider the purpose of the statute. . . . [T]he purpose of the [notice requirement] was to encourage employers to pay owed wages without the necessity of litigation." *Belknap*, 234 P.3d at 1048.

Because he did not put forth any effort to notify the employer of sufficient information to expeditiously resolve the claim, Mr. Egan's efforts were unreasonable. Because his lack of

4 – OPINION AND ORDER

notice was unreasonable, his claim for attorney fees under Oregon Revised Statute 652.200 must be denied.

Mr. Egan argues that it was impossible to provide prelitigation notice for all of the potential claimants because their claims were not discovered until after litigation began. Pl.'s Reply Br. (#209) 21. But the plaintiffs were not added to the suit until Mr. Egan filed his Second Amended Complaint. (*See* Second Am. Compl. (#91); *see also* Minutes of Proceedings (#84); Opinion & Order (#90).) He does not explain why notice of their claims would have been impossible to provide to the employer before filing the Second Amended Complaint, which would allow Telelanguage to resolve the disputes promptly with each individual.

The plaintiffs in *Belknap* similarly argued that the required notice would be impractical in class action litigation. The court flatly rejected this claim:

> That the effect of identifying the plaintiff in the limited context of class action wage and hour claims might make the class action more difficult to maintain is of no moment. The purpose of the provision is to give the employer an opportunity to cure any wage-related deficiencies without litigation, not to make class actions, with their related attorney fees, easier for plaintiffs to pursue.

*Belknap*, 234 P.3d at 1048.

I note that my holding is focused on the rather exceptional facts in this case. Plaintiffs' counsel put forth a remarkable effort to hide the theories of his claims by giving only vague guidance about why he believed the workers were underpaid up until summary judgment, with some theories not presented until the pre-trial conference. The amounts for these claims were still being modified until the verdict form was finalized during the last day of trial. Mr. Egan's will-o'-the-wisp litigation tactics made settlement impossible and drove up attorney fees to nearly five hundred times the amount of unpaid wages. Plaintiff's counsel now requests over $300,000 for claimed unpaid wages of less than $550. Mr. Egan's motion is denied.

5 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I DENY Plaintiffs' Motion to Attorney Fees (#186).

IT IS SO ORDERED.

DATED this   29th   day of March, 2011.

                                              /s/ Michael W. Mosman
                                              MICHAEL W. MOSMAN
                                              United States District Court