IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAUREN ROTHER, et al.,

    Plaintiffs,

v.

LESLIE LUPENKO, et al.,

    Defendants.

No. 3:08-cv-00161-MO

OPINION AND ORDER

**MOSMAN, J.**,

    I previously awarded Mr. Egan $129,746.80 in fees incurred through May 20, 2011. On October 27, 2011, he filed a motion for fees and costs [242] incurred after May 20, 2011. Mr. Egan seeks $128.60 in costs and $19,356.00 in fees, which were apparently incurred for three different categories of work.

    First, he seeks fees incurred obtaining his prior fee award and filing this supplemental motion. Based upon the declarations submitted, I conclude that these requested "fees for fees" total $8,387.50, for 27.5 hours of attorney work.[1] I award Mr. Egan 49% of these fees ($4,109.88) because he recovered 49% of the fees that he sought for work on the merits. *See Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 909 (9th Cir. 1995).

---

[1] These hours consist of all time prior to October 14, 2011, less the 5.4 hours spent revising the judgment (discussed below), plus 5.4 hours briefing this motion that occurred after October 14, 2011. Mr. Egan's paralegal also spent 0.9 hours on the reply brief, but I do not award fees for this time because there is no explanation of what she did or why her assistance was necessary for that brief but none of the others.

1 – OPINION AND ORDER

Second, Mr. Egan seeks fees for 5.4 hours spent re-calculating numbers in his draft judgment between June 3, 2011, and October 10, 2011. I do not award fees for this time because it is unreasonable and only necessary because defendants prevailed on a post-trial motion.

Third, he seeks fees incurred executing on the judgment between October 14, 2011, and November 28, 2011. Based on the records Mr. Egan submitted, I find that he requests fees for 26.3 hours of attorney time spent on this task, as well as 9.5 hours of paralegal time. A 15% reduction is necessary to make this fee award reasonable. Mr. Egan has not demonstrated that the pattern of overbilling I previously identified ceased once judgment entered. And I again decline to award fees under Or. Rev. Stat. § 653.055(4), which means a portion of this work was performed for plaintiffs who are not fee-eligible. Accordingly, Mr. Egan is awarded $7,827.65 for time spent on this task.

## CONCLUSION

Mr. Egan's motion for supplemental fees [242] is GRANTED IN PART and he is awarded fees of $11,937.53, as well as costs of $128.60.

IT IS SO ORDERED.

DATED this   15th   day of December, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court